UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
TOLAN BAKER,                                                        **COMPLAINT**

                                                                                                    **16 cv 6073**
                                                                                                    **ECF Case**
                Plaintiff,

   vs.

The CITY OF NEW YORK,
POLICE OFFICERS SHEILA RAMOS,
CARLOS THOMAS, and JOHN DOE,
in their individual and official capacities,       **JURY TRIAL DEMANDED**

                Defendants.
----------------------------------------------------------x

Plaintiff Tolan Baker, by his attorney, Cyrus Joubin, complaining of the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This civil rights action arises from the unlawful search and seizure of Tolan Baker ("Plaintiff"), who was simply sitting in the back seat of a car when he was baselessly and maliciously detained, interrogated, and searched by NYPD officers. Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against the individual defendants for illegal search and seizure, failure to intervene, and a *Monell* claim against the City of New York for the same constitutional violations. Plaintiff seeks compensatory and punitive damages, costs, disbursements, and attorney's fees pursuant to applicable federal civil rights law.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and

the Fourth Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (4), this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

3. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this district.

## JURY DEMAND

4. Plaintiff respectfully demands a trial by jury on each and every one of his claims as pled herein, pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

5. Plaintiff Tolan Baker is a 42-year-old African-American man, a New Yorker, and a United States citizen.

6. The individually named defendants Police Officer Sheila Ramos (Shield # 24844) ("PO Ramos"), Police Officer Carlos Thomas (Shield #21295) ("PO Thomas"), and Police Officer John Doe ("PO Doe") (collectively, the "individual defendants") are and were at all times relevant herein officers, employees and agents of the New York City Police Department ("NYPD").

7. On the date of the incident giving rise to this complaint, the individual defendants were assigned to the 32nd Precinct and/or Housing Bureau PSA 5.

8. Each individual defendant is sued in his individual and official capacity. At all times mentioned herein, each individual defendant acted under the color of state law,

in the capacity of an officer, employee, and agent of defendant City of New York ("Defendant City").

9. Defendant City is a municipality created and authorized under the laws of New York State. It is authorized by law to maintain, direct, and to supervise the NYPD, which acts as its law enforcement agent and for which it is ultimately responsible.

## STATEMENT OF FACTS

10. On the evening of April 3, 2015, after finishing work, Plaintiff met up with some friends – Joseph Goldsborough ("Mr. Goldsborough") and Harold Brown ("Mr. Brown") – at Mr. Goldsborough's car, a Lexus ("the Lexus"), which was parked outside 2144 Madison Avenue in upper Manhattan, New York City.

11. Plaintiff's plan and expectation that evening was to go out to dinner with his friends – along with another acquaintance, Tyrone Duncan ("Mr. Duncan") – to Dallas BBQ Restaurant on the Upper East Side of Manhattan. They would be driving there in Mr. Goldsborough's Lexus.

12. Around 8 PM, Plaintiff got into the Lexus, sitting in the back seat, while Mr. Brown sat in the front passenger seat. While Plaintiff and Mr. Brown were seated and talking to each other inside the Lexus, Mr. Goldsborough was outside the Lexus talking with his friend Mr. Duncan and smoking a Black & Mild (tobacco) cigar.

13. Plaintiff expected to depart for dinner in the Lexus after Mr. Goldsborough finished his cigar, but that expectation was disrupted by what happened next.

14. Soon after Mr. Goldsborough finished his cigar, a group of NYPD officers, including the individual defendants, approached the Lexus, baselessly suspecting that criminal activity was taking place among the men.

15. Two police officers – PO Christopher McEvoy and PO Kevin McCallister – grabbed and handcuffed Mr. Goldsborough on the sidewalk, accusing him of smoking synthetic marijuana.

16. Three other police officers – the individual defendants – focused on the Lexus and its two occupants, Plaintiff and Mr. Brown, who were doing nothing unlawful or suspicious.

17. Moreover, the Lexus contained nothing unlawful or suspicious.

18. While PO Ramos and PO Thomas were in NYPD uniforms armed with guns, PO Doe was wearing plain clothes.

19. As Plaintiff sat in the back of the Lexus, PO Thomas and PO Doe asked whether he had any warrants and whether there were any drugs or guns in the Lexus – all of which Plaintiff truthfully denied.

20. With PO Ramos giving orders as she stood in front of the Lexus, PO Doe demanded identification from Plaintiff, who complied with the demand.

21. Plaintiff handed his valid United States passport to PO Doe, who walked away to check if Plaintiff had any warrants.

22. Extremely frightened, Plaintiff remained peaceful and compliant as he sat detained in the back of the Lexus, answering all questions truthfully, credibly denying all wrongdoing, saying nothing incriminating, demonstrating complete innocence.

23. After a background search revealed no warrants for Plaintiff's arrest, PO Doe returned Plaintiff's passport, but Plaintiff was still not free to go.

24. After about fifteen minutes of keeping Plaintiff detained in the back of the Lexus, PO Doe ordered Plaintiff to get out of the Lexus.

25. Plaintiff complied with the order and exited the Lexus.

26. In the presence of PO Thomas and PO Ramos, PO Doe then ordered Plaintiff to turn around and put his hands on top of the Lexus to enable PO Doe to search Plaintiff. Plaintiff complied with this order as well.

27. PO Doe found nothing unlawful or suspicious on Plaintiff while conducting a thorough frisk and pat-down of Plaintiff's entire body.

28. The Lexus was also searched but nothing unlawful or suspicious was found therein.

29. A few minutes after being searched, Plaintiff was finally given permission to leave the Lexus.

30. The NYPD failed to supervise and discipline the individual defendants despite their histories of abusive behavior, ignoring the risk that they would engage in future misconduct, thereby encouraging them to continue to abuse their powers and violate the rights of civilians.

31. There is a systemic failure to identify, discipline, and supervise NYPD officers who abuse their power, a failure so widespread, obvious, and tolerated as to constitute a custom and policy of Defendant City.

32. As a direct and proximate cause of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of his constitutional rights under the Fourth Amendment to the United States Constitution;

    b. Severe emotional trauma, distress, degradation, and suffering;

## SECTION 1983 CLAIMS

## FIRST CLAIM

### Deprivation of Federal Civil Rights Under Section 1983

33.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

34.     All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

35.     All of the aforementioned acts deprived Plaintiff of the rights guaranteed to citizens of the United States by the Fourth Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

36.     The individual defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth Amendment of the United States Constitution.

37.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### Illegal Seizure Under Section 1983

38.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

39.     By the actions described above, Defendants deprived Plaintiff of his federal civil rights, including his Fourth Amendment right to be secure in his person against unreasonable seizures.

40.     As detailed above, the individual defendants intentionally detained and interrogated Plaintiff without reasonable suspicion, and without privilege or consent.

6

41.	As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

### THIRD CLAIM

### Illegal Search Under Section 1983

42.	Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

43.	By the actions described, the Defendants deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free from unlawful searches.

44.	Without probable cause, a warrant, or consent, the individual defendants searched Plaintiff's person, where Plaintiff had a reasonable expectation of privacy.

45.	As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

### FOURTH CLAIM

### Failure to Intervene Under Section 1983

46.	Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

47.	Each and every individual defendant had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights by other law enforcement officers.

48.	The individual defendants failed to intervene on Plaintiff's behalf to prevent, end, or truthfully report the violations of his constitutional rights despite knowing about such violations and having had a realistic opportunity to do so.

49. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FIFTH CLAIM

### Municipal Liability Under Section 1983

50. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

51. By the actions described, the Defendant City deprived Plaintiff of his Fourth Amendment rights through its failure to train, supervise, and discipline malicious officers, and through its fostering a culture of abuse among those who wield considerable power over the lives of everyday citizens.

52. As a direct and proximate result of the acts of Defendant City, Plaintiff sustained the other damages and injuries hereinbefore alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally against the Defendants:

   a. An order awarding compensatory damages for Plaintiff Tolan Baker in an amount to be determined at trial;

   b. An order awarding punitive damages in an amount to be determined at trial;

   c. A court order, pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

   d. Such other and further relief as this Court may deem appropriate.

DATED:   July 28, 2016                           _____s/_____
         New York, New York                      CYRUS JOUBIN, ESQ.
                                                 43 West 43rd Street, Suite 119
                                                 New York, NY 10036
                                                 (703) 851-2467
                                                 joubinlaw@gmail.com
                                                 Attorney for Tolan Baker